IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01146-PAB-NRN

JOSE S. GIRON,

    Plaintiff,

v.

DIRECTOR STANCIL, Colorado Department of Corrections,
CHIEF MEDICAL OFFICER JOHN/JANE DOE,
CORRECTIONAL HEALTH PARTNERSHIP (CHP) THIRD PARTY DESIGNEE, JOHN/JANE DOE,
SENIOR EXECUTIVE SERVICES MANAGER JOHN/JANE DOE,
CLINICAL SERVICES ADMINISTRATIVE MANAGER JOHN/JANE DOE, AND
COLORADO DEPT OF CORRECTIONS (CDOC) HEADQUARTERS INFORMATION CONTROL NURSE (HQ-NRN) JOHN/JANE DOE,

    Defendants.

---

## ORDER

---

This matter comes before the Court on the Report and Recommendation on CDOC Defendants' Partial Motion to Dismiss Plaintiff's Complaint (ECF No. 14) [Docket No. 29]. The magistrate judge recommends that the Court grant in part and deny in part defendants' partial motion to dismiss. *Id.* at 9. Defendants filed an objection to the recommendation on July 21, 2025. Docket No. 33.

## I. BACKGROUND

At all times relevant to this lawsuit, Mr. Giron has been a prisoner in custody of the Colorado Department of Corrections ("CDOC") and housed at the Arkansas Valley Correction Facility ("AVCF"). Docket No. 29 at 2. Mr. Giron alleges that an ill-fitting diabetic shoe and brace caused him to suffer a wound on the small toe of his left foot.

Docket No. 1 at 7.  Mr. Giron submitted a request for medical care on November 7, 2022.  *Id.*  AVCF staff provided Mr. Giron with pain medication and multiple courses of antibiotics.  *Id.*  However, Mr. Giron's injured toe became infected.  *Id.*  On December 7, 2022, a nurse practitioner at AVCF, K. Love, requested a surgical consultation.  *Id.* at 8.  On December 12, 2022, a different nurse practitioner, Jeremiah Velasquez, canceled the request for a surgical consultation.  *Id.*  At that time, Mr. Giron's toe had begun to blacken from the infection.  *Id.*  On December 29, 2022, Ms. Love filed a second request for "a urgent Ortho visit."  *Id.* at 9 (internal quotation marks omitted).  On January 6, 2023, Mr. Giron's request for a surgical consultation was approved.  *Id.*  Mr. Giron's toe was amputated on January 18, 2023.  *Id.*

On April 23, 2024, Mr. Giron filed suit against Moses Stancil, the Director of CDOC, and other John Doe staff members of CDOC.[1]  *Id.* at 1.  Mr. Giron alleges that Director Stancil failed to ensure that a nurse at each CDOC facility was trained as an "infectious wound nurse" and that Director Stancil did not promulgate adequate policies and procedures relating to the staffing and training of infectious wound nurses.  *Id.* at 10.  Mr. Giron claims that Director Stancil violated (1) Mr. Giron's Eighth Amendment right to be free of cruel and unusual punishment, (2) his Fourteenth Amendment rights to due process, (3) his Fourteenth Amendment right to equal protection, and (4) Colorado state medical negligence and malpractice laws.  *Id.*

On October 4, 2024, defendants moved to dismiss Mr. Giron's claims against Director Stancil.  Docket No. 14.  On October 18, 2024, Mr. Giron responded to

---

[1] Mr. Giron also brought claims against Mr. Valasquez.  *See* Docket No. 1.  However, on October 16, 2024, Mr. Giron stipulated to dismissing his claims against Mr. Velasquez without prejudice.  Docket No. 19.

defendants' motion to dismiss.  Docket No. 20.  Defendants replied on November 1, 2025.  Docket No. 21.

On June 30, 2025, Magistrate Judge N. Reid Neureiter issued a recommendation on defendants' motion to dismiss.  Docket No. 29.  Judge Neureiter recommends that the Court dismiss Mr. Giron's due process claim brought under the Fourteenth Amendment because the Eighth Amendment provides Mr. Giron's exclusive constitutional remedy for his medical treatment while incarcerated.  *Id.* at 8-9.  Judge Neureiter recommends that the Court dismiss Mr. Giron's equal protection claim under the Fourteenth Amendment because Mr. Giron fails to allege facts that demonstrate that he was treated differently from other similarly situated inmates at AVCF.  *Id.*

Judge Neureiter analyzed separately Mr. Giron's Eighth Amendment claims brought against Director Stancil in his individual capacity and in his official capacity.  *Id.* at 9-15.  Regarding Mr. Giron's claim for supervisory liability against Director Stancil in his individual capacity, Judge Neureiter found that Mr. Giron failed to plausibly state a claim.  *Id.* at 12.  Specifically, Judge Neureiter found that the complaint includes no allegations that Director Stancil was aware of CDOC's deficient training or hiring of "infectious wound" nurses.  *Id.* at 12-13.  Regarding Mr. Giron's Eighth Amendment claim against Director Stancil in his official capacity, Judge Neureiter first considered whether the Eleventh Amendment bars Mr. Giron's claim.  *Id.* at 13-15.  Judge Neureiter noted that the Supreme Court has created an exception to state sovereign immunity under the Eleventh Amendment when a plaintiff seeks to enjoin an ongoing violation of a constitutional right.  *Id.* at 14 (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).  Judge Neureiter found that Mr. Giron's claim for money damages against Director

Stancil does not fit within this exception. *Id.* However, Judge Neureiter noted that Mr. Giron's complaint includes a request for declaratory relief. *Id.* at 14-15; *see also* Docket No. 1 at 16 (requesting a "Declaratory Judgment stating plaintiff[']s Rights under the law, and defendants['] duties owed to plaintiff and other CDOC inmates under the law"). Because Mr. Giron's complaint alleges that there are systemic failures to hire and train medical staff at AVCF and because Mr. Giron remains incarcerated at AVCF, Judge Neureiter determined that Mr. Giron's complaint requests declaratory relief regarding Mr. Giron's future medical care. Docket No. 29 at 15. As a result, Judge Neureiter found that Mr. Giron's claim for declaratory relief was not barred by the Eleventh Amendment. *Id.* Although Judge Neureiter concluded that defendants' motion failed to address Mr. Giron's claim against Director Stancil in his official capacity, *id.*, Judge Neureiter recommends that the Court deny defendants' motion to the extent that it seeks to dismiss Mr. Giron's Eighth Amendment claim against Director Stancil in his official capacity. *Id.*

Finally, Judge Neureiter recommends that the Court dismiss Mr. Giron's state law claims for medical negligence and malpractice against Director Stancil. *Id.* at 16-19. Judge Neureiter found that the Colorado Governmental Immunity Act requires Mr. Giron to file an administrative claim with the Colorado Attorney General before he can sue a Colorado official in his official capacity. *Id.* at 16. Because Mr. Giron's complaint contains no allegation that Mr. Giron filed such a claim, Judge Neureiter found that Mr. Giron had failed to adequately allege that the Court has jurisdiction over his state law claims. *Id.* at 17.

On July 21, 2025, defendants filed an objection to Judge Neureiter's recommendation. Docket No. 33. Defendants do not argue that any portion of Judge Neureiter's recommendation was wrongly decided. *Id.* at 3-7. Instead, defendants assert that, whereas Judge Neureiter found that Mr. Giron was an inmate at AVCF, in fact Mr. Giron has now been transferred from AVCF to the Fremont Correctional Facility ("FCF").[2] *Id.* at 5-6. Defendants argue that any claim Mr. Giron has for prospective relief based on his housing at AVCF has been mooted by Mr. Giron's transfer to FCF. *Id.* at 6. Defendants contend that the Court therefore lacks jurisdiction over Mr. Giron's Eighth Amendment claim against Director Stancil in his official capacity. *Id.* Defendants assert that Mr. Giron's claims against Director Stancil should be dismissed in their entirety. *Id.* at 7. Mr. Giron did not object to Judge Neureiter's recommendation and did not respond to defendants' objection.[3]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671

---

[2] Inmates are required to file a change of address with the Court within five days of being transferred to a new facility. D.C.COLO.LCivR 5.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."). No change of address was filed.

[3] Judge Neureiter's recommendation was sent to Mr. Giron at his address at AVCF on June 30, 2025. Docket No. 30. The recommendation was not returned by the mail service as undeliverable. Defendants' motion states that Mr. Giron was transferred as of July 17, 2025. Docket No. 33 at 5. The Court will therefore assume Mr. Giron received a copy of the recommendation. Moreover, defendants' objection was mailed to Mr. Giron at his new address at FCF. *See id.* at 8. Therefore, Mr. Giron has been made aware of both the recommendation and the objection.

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### B. *Pro Se* Plaintiff

A *pro se* plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The "court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). Therefore, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110). Because Mr. Giron is proceeding *pro se*, the Court will construe his pleadings liberally without serving as his advocate. *See Hall*, 935 F.2d at 1110.

### C. Objections

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). "Issues raised for the first time in

7

objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).

### III.  ANALYSIS

Defendants maintain that Mr. Giron's transfer to FCF has mooted Mr. Giron's claim for declaratory relief regarding his medical treatment at AVCF.  Docket No. 33 at 3.  "Under Article III of the Constitution [federal courts] may only adjudicate actual, ongoing controversies."  *Honig v. Doe*, 484 U.S. 305, 317 (1988); *see also Wiley v. Nat'l Collegiate Athletic Ass'n*, 612 F.2d 473, 475 (10th Cir. 1979) (noting that mootness "has its constitutional origin in the 'case or controversy' limitation of Article III") (citation omitted).  Thus, "[m]ootness is a threshold issue" that implicates the Court's subject-matter jurisdiction.  *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005).  In the mootness inquiry, the "crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world.  When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."  *Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) (internal citation omitted).

The Court finds that defendants fail to properly object to Judge Neureiter's recommendation.  Defendants' motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(6) and challenges the sufficiency of Mr. Giron's allegations.  Docket No. 14 at 4-14.  Consistent with his obligation to construe Mr. Giron's complaint liberally, Judge Neureiter determined that Mr. Giron's complaint included a request for prospective declaratory relief and that defendants had failed to demonstrate that Mr.

Giron's Eighth Amendment claim should be dismissed.  Docket No. 29 at 13-15.  The Court finds no error in Judge Neureiter's analysis.

Rather than claiming that Judge Neureiter erred in his recommendation, defendants ask the Court to take judicial notice of the fact that Mr. Giron is no longer housed at AVCF.  Docket No. 33 at 6 n.1.  Defendants claim for the first time that the Court lacks jurisdiction over Mr. Giron's Eighth Amendment claim.  *Id.* at 6-7.  However, issues raised for the first time in an objection are not properly before the Court.  *Marshall*, 75 F.3d at 1426.  Nothing in defendants' motion to dismiss discusses the Court's jurisdiction over Mr. Giron's federal claims.  *See* Docket No. 14 at 4-14.  The motion does not mention the Eleventh Amendment.  *Id.*  In fact, as Judge Neureiter noted in the recommendation, defendants' motion does not address Mr. Giron's Eighth Amendment claim against Director Stancil in his official capacity.  Docket No. 29 at 15.  Therefore, the Court will not consider defendants' mootness argument.[4]  The Court overrules defendants' objection and accepts the recommendation.

However, to "ensure its Article III power is exercised properly, a federal court must, in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction."  *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation and quotations omitted).  Defendants' objection suggests that the Court may no longer have jurisdiction over Mr. Giron's remaining claim against Director Stancil.  *See* Docket No. 33.  Therefore, on or before September 8, 2025, defendants shall file an appropriate motion addressing whether Mr. Giron's claim has been mooted by his transfer to FCF.

---

[4] Although Mr. Giron was sent a copy of the objection and did not respond, the Court will not assume that Mr. Giron believed he was obligated to respond to any argument not properly within the scope of an objection.

9

IV. **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that the Report and Recommendation on CDOC Defendants' Partial Motion to Dismiss Plaintiff's Complaint (ECF No. 14) [Docket No. 29] is **ACCEPTED**. It is further

**ORDERED** that Defendant Stancil's Objection to the Recommendation of United States Magistrate Judge at ECF. No. 29 [Docket No. 33] is **OVERRULED**. It is further

**ORDERED** that CDOC Defendants' Partial Motion to Dismiss Plaintiff's Complaint at EFC No. 1 [Docket No. 14] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that plaintiff's claims against defendant Moses Stancil for violations of plaintiff's Fourteenth Amendment rights to due process, Fourteenth Amendment right to equal protection, and Colorado medical negligence and malpractice laws are **DISMISSED without prejudice**. It is further

**ORDERED** that plaintiff's claim against defendant Moses Stancil in his individual capacity for violations of plaintiff's Eighth Amendment rights is **DISMISSED without prejudice**. It is further

**ORDERED** that, on or before September 8, 2025, defendants shall file an appropriate motion addressing the issue of whether plaintiff's remaining claim against defendant Moses Stancil has been mooted by plaintiff's transfer to a different correctional facility. It is further

ORDERED that, on or before September 8, 2025, plaintiff shall file a change of address. It is further

ORDERED that the Clerk of Court shall mail a copy of this order to plaintiff at the following address:

Jose Giron #131202
Fremont Correctional Facility
PO Box 999
Canon City, CO 81215-0999

DATED August 25, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge