IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01146-PAB-NRN

JOSE S. GIRON,

      Plaintiff,

v.

DIRECTOR STANCIL, Colorado Department of Corrections,
Dr. RANDOLPH MAUL, Chief Medical Officer,
CORRECTIONAL HEALTH PARTNERSHIP (CHP) THIRD PARTY DESIGNEE
JOHN/JANE DOE,
SENIOR EXECUTIVE SERVICES MANAGER JOHN/JANE DOE,
CLINICAL SERVICES ADMINISTRATIVE MANAGER JOHN/JANE DOE, and
COLORADO DEPT OF CORRECTIONS (CDOC) HEADQUARTERS INFORMATION
CONTROL NURSE (HQ-CIN) JOHN/JANE DOE,

      Defendants.

---

**REPORT AND RECOMMENDATION ON DEFENDANT STANCIL'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT (ECF No. 40)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

      This case is before the Court pursuant to the Order issued by Chief Judge Philip

A. Brimmer, ECF No. 41, referring Defendant Moses "Andre" Stancil's ("Stancil") Motion

to Dismiss Plaintiff's Complaint ("Motion"), ECF No. 40. The Court conducted a motion

hearing on January 6, 2026, ECF No. 67, and indicated that it would issue a

recommendation granting Stancil's Motion.

      Accordingly, as set forth below, the Court **RECOMMENDS** that the Motion, ECF

No. 40, be **GRANTED**.

## I.    BACKGROUND[1]

### a.  Factual Background

The background of this case has been set forth in several recommendations and

orders, and the Court will not repeat it here except as necessary.

Mr. Giron is a prisoner in custody of the Colorado Department of Corrections

("CDOC") and was housed at the Arkansas Valley Correction Facility ("AVCF") at the

time his claims arose. ECF No. 29 at 2. He has subsequently been transferred to the

Fremont Correctional Facility ("FCF"). ECF No. 40 at 1.

Mr. Giron brought this suit alleging that an ill-fitting diabetic shoe and brace

caused him to suffer a wound on the small toe of his left foot. ECF No. 1 at 7. Mr. Giron

submitted a request for medical care on November 7, 2022. *Id.* Mr. Giron was given

pain medication and an antibiotics course by AVCF staff. *Id.* Neither the nurse nor the

physician's assistant cleaned or treated the wound. There was no "certified infectious

wound nurse" at AVCF at that time. Mr. Giron's injured toe subsequently became

infected. *Id.* On December 7, 2022, a nurse practitioner at AVCF requested a surgical

consultation. *Id.* at 8. A few days later, a different nurse practitioner canceled the

request for a surgical consultation. *Id.* At that time, Mr. Giron's toe had begun to blacken

from the infection. *Id.* On December 29, 2022, a second request for "a[n] urgent Ortho

visit" was submitted on Mr. Giron's behalf. *Id.* at 9 (internal quotation marks omitted). On

---

[1] Unless otherwise noted, all factual allegations are taken from Plaintiff's
Complaint, ECF No. 1, and are presumed to be true for the purposes of the motions to
dismiss. Any citations to docketed materials are to the page number in the CM/ECF
header, which sometimes differs from a document's internal pagination.

January 6, 2023, Mr. Giron's request for a surgical consultation was approved. *Id.* Mr. Giron's toe was amputated on January 18, 2023. *Id.*

### b. Procedural Background

Plaintiff filed his Complaint on April 23, 2024. ECF No. 1. With respect to Stancil, Plaintiff claimed that he violated (1) Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment, (2) his Fourteenth Amendment rights to due process, (3) his Fourteenth Amendment right to equal protection, and (4) Colorado state medical negligence and malpractice laws. Stancil was sued in his individual and official capacities.

Plaintiff's allegations[2] against Stancil in his individual capacity related to inadequate training, staffing, and policies and procedures. He alleged that Stancil failed to ensure that a nurse at each CDOC facility was trained as an "infectious wound nurse." Relatedly, he alleged that Stancil failed to ensure proper staffing at each facility because he did not ensure that an "infectious wound nurse" was on staff at each facility. Lastly, Plaintiff alleged that Stancil did not promulgate adequate policies and procedures relating to these staffing and/or training issues. Plaintiff alleged that this failure caused him to suffer the amputation of his toe. Plaintiff brought claims for monetary damages and a "declaratory judgment stating Plaintiff's rights under the law, and defendant's duties owed to Plaintiff and other CDOC inmates under the law." ECF No. 1 at 16.

---

[2] The Complaint does not specify which factual allegations pertain to which legal claims.

3

On June 30, 2025, this Court issued a Report and Recommendation ("R&R"), ECF No. 29, recommending that all claims against Stancil be dismissed, except for the Eighth Amendment claim for deliberate indifference to serious medical needs, which this Court recommended be allowed to proceed against Stancil in his official capacity as CDOC Director. Construing the Complaint liberally, this Court found that Mr. Giron's request for declaratory relief could be characterized as prospective (given that he was still incarcerated at AVCF) and was thus not barred by the Eleventh Amendment. ECF No. 29 at 15. This Court then noted that Defendants had failed to raise any arguments for dismissal of any official capacity claims against Stancil. This Court recommended that "[a]bsent any argument by the defense as to why the official capacity claim should be dismissed, Plaintiff's Eighth Amendment claim against Stancil in his official capacity for deliberate indifference to serious medical needs should be allowed to proceed." *Id.* That R&R was adopted by Judge Brimmer. *See* ECF No. 38.

In their objection to the undersigned's recommendation, Defendants requested Judge Brimmer to take judicial notice of the fact that Mr. Giron is no longer incarcerated at AVCF, ECF No. 33 at 6 n.1, and claimed for the first time that the Court lacks jurisdiction over Mr. Giron's Eighth Amendment claim. *Id.* at 6-7. However, as Judge Brimmer explained in his order, "issues raised for the first time in an objection are not properly before the Court." ECF No. 38 at 9. Judge Brimmer further ordered Defendants to file an appropriate motion addressing the issue of whether Mr. Giron's remaining claim for declaratory relief against Stancil is mooted by his transfer to FCF.

In accordance with that directive, Stancil now moves to dismiss the remaining claim against him.[3] *See* ECF No. 40.

## II.    STANDARDS FOR DISMISSAL

### a.  Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). As the party seeking to invoke the jurisdiction of this court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.") (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).

---

[3] At the hearing held on February 6, 2026, the Court granted Mr. Giron leave to file an amended complaint to name additional defendants. *See* ECF No. 67. Mr. Giron filed a purported amended complaint on April 17, 2026. ECF No. 74. However, because Mr. Giron failed to comply with this Court's directive, the amended complaint was stricken. *See* ECF No. 76.

### b.  Pro Se Plaintiff

The Court must construe the Complaint and other papers filed by Plaintiff liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon (full cite)*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110; *Craig v. McCollum*, 590 F. App'x 723, 726 (10th Cir. 2014) ("Our liberal construction of pro se petitions does not exempt them from the rules of procedure binding the petitions of other litigants.") (citation omitted).

## III.    ANALYSIS

Mr. Giron was transferred from AVCF to FCF on December 27, 2024. Stancil argues that Mr. Giron's allegations only relate to inadequate medical care at AVCF, and that any claim of potential further harm at FCF is merely speculative. ECF No. 40 at 3. Stancil further argues that "any declaratory judgment that [Mr.]Giron was harmed while at AVCF is purely retrospective in nature" and, therefore, his remaining Eighth Amendment official-capacity claim against Stancil is now moot. For the reasons set forth below, the Court agrees.

The constitutional mootness doctrine considers whether "a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (quoting 15 *Moore's Federal Practice* § 101.90 (3d ed. 2010)). If a claim is moot, the court lacks subject matter jurisdiction. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "The touchstone of the

6

mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case, and this legal interest must be more than simply the satisfaction of a declaration that a person was wronged." *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (quotations omitted) (finding prisoner's claims for declaratory and injunctive relief moot in light of his release from prison). Therefore, a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008); *see also Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) (holding the "legal interest" in the dispute "must be more than simply the satisfaction of a declaration that a person was wronged"); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 958 (10th Cir. 2021) ("A request for declaratory judgment relief is moot when it fails to seek more than a retrospective opinion that the plaintiff was wrongly harmed by the defendant . . .") (internal quotation makes and citations omitted). "An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement." *Mitchell v. Estrada*, 225 F. App'x 737, 741 (10th Cir. 2007).

Here, Plaintiff seeks "declaratory judgment stating Plaintiff's rights under the law, and defendant's duties owed to Plaintiff and other CDOC inmates under the law." ECF No. 1 at 16. The Court finds that the Complaint does not allege any facts that would demonstrate that the medical care for diabetics at the new facility, FCF, is deficient. *See generally* ECF No. 1. Further, he does not allege any reasonable expectation of being transferred back to AVCF. *Id. See, e.g.*, *Murphy v. Hunt*, 455 U.S. 478, 483 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable

expectation or a demonstrated probability that the same controversy will recur involving the same complaining party" (internal quotations omitted)). The Complaint only alleges facts relating to the conditions of confinement at AVCF.[4] Given that Mr. Giron no longer resides at AVCF and is therefore no longer subject to potential harms resulting from the alleged deficient medical care at AVCF, the Court finds that Mr. Giron's remaining claim for declaratory judgment is merely retrospective in nature and mooted by his transfer from AVCF to FCF. The Court agrees with Stancil that Mr. Giron "essentially requests an opinion that the alleged deficiencies at AVCF caused him an injury from inadequate medical care in violation of the Eighth Amendment." ECF No. 40 at 9.

Therefore, the Court finds that Mr. Girons's remaining claim against Stancil for declaratory relief is moot and the Court lacks jurisdiction to adjudicate it. Accordingly, the Court recommends that Plaintiff's Eighth Amendment claim against Stancil in his official capacity for deliberate indifference to serious medical needs be dismissed.[5]

## IV.    CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Motion to Dismiss, ECF No. 40, be **GRANTED.**

---

[4] Mr. Giron vaguely alleges that there is a "pattern" of deficient medical care at AVCF as well as "other CDOC facilities unknown to [P]laintiff at this time . . . ." ECF No. 1 at 10. However, he does not provide any non-conclusory factual allegations to support such an assertion. For example, there are no allegations that FCF similarly lacks nurses trained in infectious wound care.

[5] Though Stancil does not raise this issue, the Court also notes that for the same reasons, Mr. Giron's retrospective request for declaratory relief does not fall under the exception outlined in *Ex parte Young,* 209 U.S. 123, (1908) to Eleventh Amendment sovereign immunity.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 4th Day of May 2026

_____
N. Reid Neureiter
United States Magistrate Judge

9