IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-01146-PAB-NRN

JOSE S. GIRON,

Plaintiff,

v.

DIRECTOR STANCIL, Colorado Department of Corrections,
Dr. RANDOLPH MAUL, Chief Medical Officer,
CORRECTIONAL HEALTH PARTNERSHIP (CHP) THIRD PARTY DESIGNEE JOHN/JANE DOE,
SENIOR EXECUTIVE SERVICES MANAGER JOHN/JANE DOE,
CLINICAL SERVICES ADMINISTRATIVE MANAGER JOHN/JANE DOE, and
COLORADO DEPT OF CORRECTIONS (CDOC) HEADQUARTERS INFORMATION CONTROL NURSE (HQ-CIN) JOHN/JANE DOE,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Report and Recommendation on Defendant Stancil's Motion to Dismiss Plaintiff's Complaint (ECF No. 40) [Docket No. 77]. Plaintiff filed an objection, Docket No. 79, and defendant filed a response. Docket No. 80.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 77 at 2-5, and the Court adopts them for purposes of ruling on the objection. To the extent that plaintiff disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below. Plaintiff filed this case on April 23, 2024, alleging that a diabetic shoe and brace caused plaintiff to suffer a wound on his

toe that became infected, ultimately leading to the amputation of the toe. *Id.* at 2; *see generally* Docket No. 1. The sole remaining claim in this case is an Eighth Amendment deliberate indifference claim for declaratory relief. Docket No. 77 at 3-4.

On September 8, 2025, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the claim for declaratory relief is mooted by plaintiff's transfer from the Arkansas Valley Correction Facility ("AVCF") to the Fremont Correctional Facility ("FCF"). Docket No. 40. On February 6, 2026, Magistrate Judge N. Reid Neureiter held a hearing on the motion to dismiss. Docket No. 67. On May 4, 2026, Judge Neureiter issued a recommendation to grant the motion to dismiss. Docket No. 77. On May 19, 2026, plaintiff filed a timely objection to the recommendation.[1] Docket No. 79. On June 2, 2026, defendant filed a response. Docket No. 80. On June 26, 2026, plaintiff filed what he refers to as a motion for leave to file a surreply. Docket No. 83.

## II. LEGAL STANDARD

### A. Objections to the Magistrate Judge Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

[1] Plaintiff improperly titles this objection as an objection to the motion to dismiss, but it is in fact an objection to the recommendation. *See* Docket No. 79 at 1.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**B. <u>Rule 12(b)(1)</u>**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal under Rule 12(b)(1) is not a judgment on the merits; rather, it is a determination that the court lacks jurisdiction to adjudicate the claim. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citation omitted). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). "For purposes of Rule 12(b)(1), 'mootness is a matter of jurisdiction.'" *Kadingo*

*v. Johnson*, 304 F. Supp. 3d 1003, 1012 (D. Colo. 2017) (citing *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)).

## III. ANALYSIS

The magistrate judge recommends granting the motion to dismiss. Docket No. 77 at 8. The recommendation discusses mootness as follows:

> The constitutional mootness doctrine considers whether "a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (quoting 15 *Moore's Federal Practice* § 101.90 (3d ed. 2010)). If a claim is moot, the court lacks subject matter jurisdiction. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "The touchstone of the mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case, and this legal interest must be more than simply the satisfaction of a declaration that a person was wronged." *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (quotations omitted) (finding prisoner's claims for declaratory and injunctive relief moot in light of his release from prison). Therefore, a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008); *see also Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) (holding the "legal interest" in the dispute "must be more than simply the satisfaction of a declaration that a person was wronged"); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 958 (10th Cir. 2021) ("A request for declaratory judgment relief is moot when it fails to seek more than a retrospective opinion that the plaintiff was wrongly harmed by the defendant . . .") (internal quotation makes and citations omitted). "An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement." *Mitchell v. Estrada*, 225 F. App'x 737, 741 (10th Cir. 2007).

*Id.* at 6-7. Plaintiff does not object to the recommendation's description of mootness. *See generally* Docket No. 79.

The recommendation finds that the complaint only alleges facts relating to the conditions of confinement at AVCF.[2] Docket No. 77 at 8. The recommendation further finds that the complaint does not allege any facts that would demonstrate that the medical care for diabetics at FCF is deficient and does not allege any reasonable expectation of plaintiff being transferred back to AVC. *Id.* at 7. Because plaintiff is no longer detained at AVCF, the recommendation "finds that Mr. Giron's remaining claim for declaratory judgment is merely retrospective in nature and mooted by his transfer from AVCF to FCF." *Id.* Therefore, the recommendation recommends that the motion to dismiss be granted. *Id.*

Plaintiff objects on the basis that "[t]he diabetic healthcare at FCF[ ] is even worse than the diabetic healthcare at AVCF." Docket No. 79 at 1. Plaintiff asserts that he had two more surgeries due to infection that occurred at FCF. *Id.* at 2. Therefore, plaintiff argues that his claim is not moot. *Id.* Plaintiff's complaint, however, is devoid of allegations regarding healthcare at FCF. *See generally id.* Plaintiff points to no allegation in the complaint refuting the recommendation's finding that the complaint only alleges facts relating to the conditions of confinement at AVCF. When considering a motion to dismiss, a court "does not consider facts that do not appear in the complaint." *Carr v. Wells*, No. 20-cv-03319-PAB-SKC, 2022 WL 910953, at *11 (D. Colo. Mar. 28, 2022) (citations omitted). Therefore, the unsubstantiated assertions plaintiff raises in his objection, but not in his complaint, do not provide a basis for denying the motion to

[2] The recommendation notes that, while plaintiff vaguely alleges a pattern of deficient medical care at other detention facilities, he does not provide any non-conclusory factual allegations to support such an assertion. Docket No. 77 at 8 n.4.

dismiss.[3] Therefore, the Court will overrule plaintiff's objection.[4] Because the motion to dismiss resolves plaintiff's sole remaining claim, the Court will close the case.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Objection to Defendant's Motion to Dismiss [Docket No. 79] is **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation on Defendant Stancil's Motion to Dismiss Plaintiff's Complaint (ECF No. 40) [Docket No. 77] is **ACCEPTED**. It is further

**ORDERED** that Defendant Stancil's Motion to Dismiss Plaintiff's Complaint at ECF No. 1 [Docket No. 40] is **GRANTED**. It is further

**ORDERED** that plaintiff's Eighth Amendment deliberate indifference claim is **DISMISSED without prejudice**. It is further

**ORDERED** that plaintiff's Motion for Leave to File a Surreply [Docket No. 83] is **DENIED**. It is further

---

[3] The recommendation notes that, in the February 6, 2026 hearing, the magistrate judge granted plaintiff leave to file an amended complaint, Docket No. 77 at 5 n.3, which could provide a mechanism for plaintiff to add allegations to his complaint. However, the recommendation notes that the amended complaint was stricken due to a failure to comply with the magistrate judge's directive in the hearing. *Id.*

[4] Plaintiff filed what he refers to as a motion for leave to file a surreply. Docket No. 83. No reply was filed in this case. The Court construes the motion as a motion for leave to file a reply. Notably, while Rule 72(b) contemplates filing a response to an objection, it does not contemplate filing a reply. *See* Fed. R. Civ. P 72(b). Plaintiff does not explain why he should be entitled to file a reply in this case. Therefore, the Court will deny the motion. However, even if the Court did consider the proposed reply, it would not change the analysis in this case. The proposed reply asserts that the allegations in the objection "are not offered to create entirely new claims, but to simply explain and clarify the factual basis of the constitutional violations alleged." Docket No. 83-1 at 2. But as the Court explained above, such allegations cannot form the basis for plaintiff's claims if they are not listed in his complaint.

**ORDERED** that this case is closed.

DATED September 11, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge